**FLYNN & EMRICH COMPANY,**
**Appellant,**

v.

**Henry B. GREENWOOD and Green-**
**wood Engineering Company,**
**Inc., Appellees.**

**No. 7346.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 21, 1957.

Decided March 11, 1957.

Charles G. Page, Baltimore, Md. (White, Page & Lentz, Baltimore, Md., on brief), for appellant.

Harold F. Watson, Washington, D. C. (Watson, Cole, Grindle & Watson, Washington, D. C., D. Franklin McGinnis, Baltimore, Md., and Haven E. Simmons, Washington, D. C., on brief), for appellees.

Before PARKER, Chief Judge, SOBELOFF, Circuit Judge, and HARRY E. WATKINS, District Judge.

HARRY E. WATKINS, District Judge.

This is an action for patent infringement in which the answer sets up the usual defenses of invalidity and denial of infringement. In what is called a "counterclaim", the defendant avers that by reason of estoppel, the plaintiff can not maintain this action. The District Court heard and decided the question of estoppel in favor of the plaintiff in advance

of any hearing on the defenses of infringement and validity. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the District Court certified that no just reason existed for delay in entry of final judgment upon the counterclaim, and directed that a separate final judgment should be entered thereon without awaiting the trial of the original action. From the adverse decision on the issue of estoppel the defendant appealed. The question is whether the District Court's decision on the single issue of estoppel was vested with the finality necessary to be appealable under 28 U.S.C. § 1291, or whether the matter of estoppel constituted only an affirmative defense to a single claim for relief not justifying an appeal until the other defenses are heard and determined.

Appellant's original answer includes under the section labeled "counterclaim," the affirmative defense of release, but such defense was later withdrawn. Appellant also included a demand that the patents in question be assigned to it. However, counsel later withdrew this demand as to the "running register" patent, and as to the "skip-feed" device the District Court specifically found that it was developed in substantially final form by February 3, 1952, and held that this precluded any questions of assignment or shop rights as to it. This finding of fact has not been urged as error in this court. This appeal is limited solely to the question of whether Greenwood's conduct with defendant gave rise to estoppel whereby defendant had the right to use the patents. Defendant alleged that title to the patents was held by Greenwood Engineering Company, Inc., which is a corporation owned by Greenwood's family in which Greenwood was the dominant figure.

■ Upon oral argument of this case, we raised the question of our jurisdiction to entertain this appeal and asked counsel to brief the question. Irrespective of the certification of the District Court under Rule 54(b) as to the finality of its judgment order, and even though the matter of jurisdiction was not raised by the parties, this Court must consider the matter of its jurisdiction to hear this appeal. See United States Plywood Corp. v. Hudson Lumber Co., 1954, 2 Cir., 210 F.2d 462, 463 where the court said:

"Some months after the judgment and appeal the judge amended his order by making a finding of no just reason for delay and expressly directing judgment, thus bringing it within the formal requirements for finality specified in amended Fed. Rules Civ.Proc. rule 54(b). Though the parties have not now raised the question, nevertheless we must still determine the appealability of the judgment, * * *".

The jurisdiction of this Court is limited, other than for certain statutory exceptions not here material, by 28 U.S.C. § 1291, which states: "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts * * *." That rule was restated recently in Stone v. Wyoming Supreme Court, 10 Cir., 236 F.2d 275, 276, in these words:

"Courts of appeals are courts of limited jurisdiction; and save for excepted instances in which it is provided otherwise by statute, they have jurisdiction to review only final decisions of the district courts." (Citations omitted.) It becomes pertinent, therefore, to inquire whether the District Court decision before us is, in fact, a final decision.

It is urged by appellant that the District Court made this a final decision by virtue of Rule 54(b). That rule was amended in 1946 to take effect in 1948, and now reads,

"(b) Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of

judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

The validity of amended Rule 54(b) was recently upheld by the Supreme Court in Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297, and Cold Metal Process Co. v. United Engineering & Foundry Co., 351 U.S. 445, 76 S.Ct. 904, 905, 100 L.Ed. 1311, 1315, both cases decided June 11, 1956. The cases turned upon the sole question of appellate jurisdiction and the Supreme Court affirmed the Courts of Appeals for the Seventh and Third Circuits, denying motions to dismiss. The Supreme Court there held that amended Rule 54(b) is not an unauthorized extension of 28 U.S.C. § 1291, and does not impair the statutory concept of finality therein embraced.

These two decisions did lay at rest a conflict among the circuits which had been pointed out by Judge Duffy in the lower court decision, Mackey v. Sears, Roebuck & Co., 7 Cir., 218 F.2d 295, 297, 298, as to whether the District Court's entry of judgment upon a determination that there exists "no just reason for delay" confers jurisdiction automatically and conclusively upon courts of appeals to hear the appeal. The Supreme Court answered that question in the negative, stating, 351 U.S. at page 437, 76 S.Ct. at page 900:

"The District Court *cannot*, in the exercise of its discretion, treat as 'final' that which is not 'final' within the meaning of § 1291. But the District Court *may*, by the exercise of its discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims in multiple claims actions. The timing of such a release is, with good reason,

vested by the rule primarily in the discretion of the District Court as the one most likely to be familiar with the case and with any justifiable reasons for delay. With equally good reason, any abuse of that discretion remains reviewable by the Court of Appeals."

The Court further stated, 351 U.S. at page 435, 76 S.Ct. at page 899, "the amended rule does not apply to a single claim action" and this is abundantly clear from the language of the rule itself, which has a condition precedent written into it,—"When more than one claim for relief is presented in an action * * *." See also Capital Transit Company v. District of Columbia, 96 U.S.App.D.C. 199, 225 F.2d 38, 40, which states:

"The quoted Rule, we have said, 'is applicable only in instances in which more than one claim for relief is presented in an action, and in which the claim upon which a final judgment is to be entered under the Rule is itself a claim distinct from the other claim or claims.' Gold Seal Co. v. Weeks, 1954, 93 U.S.App. D.C. 249, 254, 209 F.2d 802, 807. In other words, notwithstanding Rule 54(b), there cannot be an appeal from an order entered upon a part of an indivisible claim. Leonidakis v. International Telecoin Corp., 2 Cir., 1953, 208 F.2d 934. There must be 'multiple claims of which at least one has been adjudicated.' Pabellon v. Grace Line, 2 Cir., 1951, 191 F.2d 169, 174, certiorari denied Coston Supply Co. v. Pabellon, 1951, 342 U.S. 893, 72 S.Ct. 201, 96 L.Ed. 669. The question is thus 'whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced.' Rieser v. Baltimore & Ohio R. R. Co., 2 Cir., 224 F.2d 198. * * *"

The case of United States Plywood Corp. v. Hudson Lumber Co., supra, a decision from the Second Circuit, is very close in point. There plaintiff sought to recover a sum due under a contract.

The answer set up an affirmative defense and a counterclaim for rescission based upon the ground of mistake. The District Court granted summary judgment as to the counterclaim and made the certificate provided by Rule 54(b). The defendant appealed and neither party raised the question of appealability. The appellate court dismissed the appeal, holding that no multiple claims were involved; that Rule 54(b) was inapplicable; and that the counterclaim was merely a defense to a claim on contract not justifying an appeal. To the same effect see 43 Va.L.Rev. 229 where the multiple claims requirement of Rule 54(b) is discussed. The author cites the case of Libby-Owens-Ford Glass Co. v. Sylvania Industrial Corp., 2 Cir., 154 F.2d 814, certiorari denied 328 U.S. 859, 66 S.Ct. 1353, 90 L.Ed. 1630, where defendant in a patent infringement suit asserted an unclean hands defense that plaintiff was using its patent unlawfully to extend its purported monopoly. An order was entered by the lower court striking the defense. In dismissing the appeal Judge Clark said 154 F.2d at page 814: "An order merely striking one of several defenses and allowing the action to continue for adjudication of the rest would seem as nearly interlocutory as any pleading rule can ever be; * * *". Other cases holding orders striking one of several defenses as nonappealable are: United States Sugar Corp. v. Atlantic Coast Line R. Co., 5 Cir., 196 F.2d 1015; United States v. Continental Casualty Co., 2 Cir., 69 F.2d 107; Porter v. American Tobacco Co., D.C.S.D.N.Y., 7 F.R.D. 106; 38 A.L.R.2d 377, 383–386.

Appellant cites two cases from other circuits which involved claims of patent infringement where the issues of invalidity and non-infringement were reserved and counterclaims of estoppel and constructive trusts were tried separately, appealed, and the Courts of Appeals took the cases. See Lukens Steel Co. v. American Locomotive Co., 2 Cir., 197 F.2d 939, and National Waste Co. v. Spring Packing Corp., 7 Cir., 200 F.2d 14, certiorari denied 345 U.S. 909, 73 S.Ct. 649, 97 L. Ed. 1344. Neither of those cases, nor the District Court opinion in the Lukens case, D.C.N.D.N.Y., 99 F.Supp. 442, mentions Rule 54(b) nor discusses jurisdiction of the appellate court. It would seem that the question was not raised, and certainly it was not ruled upon, so we do not deem those cases to be precedents for us to follow.

Appellant urges that the recent Supreme Court cases of Sears, Roebuck & Co. and Cold Metal Process Co., supra, uphold the appealability of this case. Close scrutiny of those cases, however, will indicate that in both instances there were clear separate claims for relief involved in the appeal. In the Sears, Roebuck & Co. case, the appealed claims involved allegations of violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, while the unadjudicated claims retained by the trial court involved common-law charges of unfair competition and inducing breach of contract. In the Cold Metal Process Co., case, the appealed counterclaim had been filed some 15 years after the original action was instituted, and the Court states it was "ancillary" to the principal proceeding. It was an entirely independent counterclaim. Unlike the case at bar, in neither of those cases could the appellate court's decision on the limited issues before it settle the other undecided claim still pending in the District Court. In this action, however, if we were to hear this appeal, reverse the District Judge, and hold that Greenwood is estopped from bringing his action, that would be decisive of the entire litigation—which indicates that this "counterclaim" of estoppel is actually only a defense.

The history of Rule 54(b) is reviewed by Justice Burton in the Sears, Roebuck & Co. and Cold Metal Process Co. cases, supra, in which it is pointed out that the rule was originally promulgated to meet the need that arose in certain cases involving multiple claims for an appeal without waiting for a final decision on all

the claims. The rule was interpreted as applying only where multiple claims were separable from others. It had been difficult for counsel in cases involving multiple claims to make a decision in each case as to whether a claim upon which a final judgment had been entered was a "separate" claim, and immediate appeals were therefore necessary in cases of doubt. If appeals were delayed until the time of final decision on all the multiple claims, the time for appeal might have elapsed. Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 70 S.Ct. 322, 94 L.Ed. 299; 3 Barron and Holtzoff, Rules Ed., § 1193, p. 12. The purpose of the 1948 amendment was to overcome that difficulty by making a specific direction of judgment on less than all claims by the District Court and its certification that there was no just reason for delay, a condition precedent to jurisdiction on the part of the Court of Appeals to review the judgments before a final decision as to all claims. Under such amendment many unnecessary appeals are eliminated because a party adversely affected by a final decision knows that his time for appeal will not run until certification has been made. Judge Clark discusses the history of the rule and collects almost all cases decided with regard thereto in his opinion in Rieser v. Baltimore & Ohio R. Co., 2 Cir., 224 F.2d 198.

■ As thus interpreted by the courts Rule 54(b) is not applicable to the instant case. The same issue of estoppel which is raised by this counterclaim could have been asserted as a defense to the principal action, and under Rule 8(c) it must be pleaded affirmatively. There is really only one claim for relief here, and that is patent infringement. Regardless of what it is called in the pleadings, the element of estoppel, if it exists, is asserted as a matter of defense only.

■ Under Rule 54(b) appeal can be taken from a judgment on one of a number of claims if the judge gives the proper certificate; but the judgment must finally dispose of a claim and not merely adjudicate a defense to a claim. It is not necessary for us to decide whether there would be an adjudication on a claim within the meaning of the rule, if there remained in the case a claim for the assignment of the patent, because such claim is no longer made in the case, and the conduct upon which defendant relies is asserted merely as an estoppel against recovery by plaintiff. In other words, it is asserted as an affirmative defense to the relief asked by plaintiff; and it is as well settled as anything can be that Rule 54(b) does not authorize appeal from a judgment with respect to a mere affirmative defense.

It would doubtless be convenient to the parties for us to pass upon this affirmative defense in advance of the trial of the case, but it would establish a precedent which might be very harmful in the administration of justice. The rule of the statute forbidding fragmentary appeals is a wise and salutary one, not only from the standpoint of protecting the appellate courts from an unnecessary burden, but also from the standpoint of a proper administration of justice. The delays which have resulted from allowing interlocutory appeals, in the states which permit them, have been a source of criticism; and every judge knows that an appellate court can handle a case much more understandingly after final disposition, than by piecemeal decisions in interlocutory orders.

For the reasons stated, the appeal should be dismissed as premature. Being without jurisdiction to entertain the appeal, we express no opinion whatever as to the merits of the defense of estoppel.

Appeal dismissed.