**CHADBOURN GOTHAM, INC.,**
Appellant,

v.

**VOGUE MANUFACTURING CORPORATION, Appellee.**

No. 7739.

United States Court of Appeals Fourth Circuit.

Argued Oct. 8, 1958.

Decided Oct. 13, 1958.

Fred B. Helms, Charlotte, N. C. (Helms, Mulliss, McMillan & Johnston, and Wm. H. Bobbitt, Jr., Charlotte, N. C., on brief), for appellant.

E. C. Stothart, Jr., Charlotte, N. C. (Frank H. Kennedy, Charlotte, N. C., on brief), for appellee.

Before SOBELOFF, Chief Judge, SOPER, Circuit Judge, and HARRY E. WATKINS, District Judge.

PER CURIAM.

This appeal was taken from an order of the district court whereby the Fourth Defense was stricken from the answer to the complaint. The suit was brought by Vogue Manufacturing Corporation, a Pennsylvania corporation, against Chadbourn Gotham, Inc., a North Carolina corporation, on an agreement wherein

Vogue assigned to Chadbourn Gotham, United States Patent No. 2,636,369 on a stocking fabric upon the promise of Chadbourn Gotham to protect the patent from infringement and to license other manufacturers under the patent, and to divide the royalties and damages for infringement with Vogue. Chadbourn Gotham also promised to pay to Vogue royalties of not less than 12½ cents per dozen for all hosiery manufactured under the patent either by Chadbourn Gotham or any other manufacturers licensed by it. The complaint further alleged that Chadbourn Gotham and its licensees had manufactured twelve million pairs of hosiery under the patent but that Chadbourn Gotham had failed and refused to account for and pay to Vogue the money due it under the agreement, and had also failed to prosecute infringements of the patent of which it had knowledge. Damages in the sum of $3 million were claimed.

Chadbourn Gotham filed an answer in which it denied the essential allegations of the complaint and, amongst other defenses, set up a Fourth Defense in which it alleged in bar of the plaintiff's right to any recovery that the patent was invalid and unenforceable because, amongst other reasons, it was anticipated by prior patents and the disclosures of prior publications and was lacking in novelty and utility.

Thereupon the plaintiff moved the court to strike out the Fourth Defense on the ground that the defendant, having become a licensee and an assignee thereof, was estopped to deny its validity. The district judge after hearing granted the motion and ordered the Fourth Defense stricken from the answer and the defendant appealed. The case now comes before this court on motion of the plaintiff to dismiss the appeal as premature. In our opinion, the motion to dismiss must be granted, since the appeal is an obvious attempt on the part of the defendant to secure a ruling of this court on only one of the points at issue in the case prior to a final judgment of the district court. This action is clearly at variance with the established practice and with the provisions of 28 U.S.C. § 1291, which provides that courts of appeals shall have jurisdiction from all *final* decisions of the district courts of the United States. In Clinton Foods v. United States, 4 Cir., 188 F.2d 289, at page 291, Judge Parker said:

"A final decision is one which 'puts an end to the suit, deciding all the points in litigation between the parties, leaving nothing to be judicially determined, with nothing remaining to be done, but to enforce by execution what has been determined.'"

In Libbey-Owens-Ford Glass Co. v. Sylvania Industrial Corp., 2 Cir., 154 F.2d 814, Judge Clark said:

"An order merely striking one of several defenses [under a suit for patent infringement] and allowing the action to continue for adjudication of the rest would seem as nearly interlocutory as any pleading ruling can ever be; and such has been the universal view, both before the adoption of the new civil rules, * * * and since, * * *."

We had occasion to apply this rule in Flynn & Emrich Co. v. Greenwood, 4 Cir., 242 F.2d 737, a case for patent infringement, where the district court decided one of the defenses in the plaintiff's favor in advance of any hearing on other defenses. We held that an appeal from this ruling was premature. In this case, Judge Harry E. Watkins said, 242 F.2d at page 741:

"It would doubtless be convenient to the parties for us to pass upon this affirmative defense in advance of the trial of the case, but it would establish a precedent which might be very harmful in the administration of justice. The rule of the statute forbidding fragmentary appeals is a wise and salutary one, not only from the standpoint of protecting the appellate courts from an unnecessary burden, but also from the standpoint of a proper administra-

tion of justice. The delays which have resulted from allowing interlocutory appeals, in the states which permit them, have been a source of criticism; and every judge knows that an appellate court can handle a case much more understandingly after final disposition, than by piecemeal decisions in interlocutory orders."

We cannot avoid this established rule by considering the appeal as an application for writ of mandamus, as the defendant suggests. It is well established that the appellate courts may not thus avoid the conditions on which an appeal is allowed and thwart a Congressional policy against piecemeal appeals. Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185.

The motion to dismiss the appeal is granted.