975 F.2d 858
 24 U.S.P.Q.2d 1195
 W.L. GORE & ASSOCIATES, INC. and Gore Enterprise Holdings,
Inc., Plaintiffs/Counterdefendants-Appellants,
v.
INTERNATIONAL MEDICAL PROSTHETICS RESEARCH ASSOCIATES, INC.,
also known as IMPRA, Inc.,
Defendant/Counterclaimant-Cross-Appellant.
 Nos. 90-1489, 90-1490.
 United States Court of Appeals,
Federal Circuit.
 Sept. 16, 1992.
 
 David H. Pfeffer, J. Robert Dailey, Janet Dore and Stephen R. Smith, Morgan & Finnegan, New York City, represented plaintiffs/counterdefendants-appellants. Of counsel was John S. Campbell, W.L. Gore & Associates, Inc., Newark, Del.
 Gerald D.W. North, Gerald D.W. North & Associates, Phoenix, Ariz., represented defendant/counterclaimant-cross-appellant. Of counsel were James F. Polese, Polese, Heiner & Nolan, Phoenix, Ariz. and Dale M. Heist, Woodcock, Washburn, Kurtz, MacKiewicz & Norris, Philadelphia, Pa.
 ON MOTION FOR RECONSIDERATION
 Before, ARCHER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 MICHEL, Circuit Judge.
 
 ORDER
 
 1
 W.L. Gore & Associates, Inc., et al. (Gore), move for reconsideration of the court's April 28, 1992 order dismissing appeal nos. 90-1489 and 90-1490 for lack of jurisdiction. W.L. Gore & Assoc., Inc. v. International Medical Prosthetics Research Assoc., Inc., No. 90-1489, -1490 (Fed.Cir. Apr. 28, 1992). International Medical Prosthetics Research Associates, Inc. (IMPRA) opposes. Because our dismissal of the appeals was based upon an erroneous conclusion that the district court had not yet finally adjudicated the patent infringement claim because it had ruled on some but not all defenses, we vacate the order and reinstate the appeals.
 
 I. BACKGROUND
 
 2
 Gore filed a complaint against IMPRA in the United States District Court for the District of Arizona alleging infringement of Gore's U.S. Patent No. 4,187,390 covering "vascular grafts and other products made from expanded polytetrafluoroethylene ["Teflon" ]." IMPRA denied that it infringed the patent and raised affirmative defenses of, inter alia, patent invalidity, laches, estoppel, inequitable conduct, and patent misuse. In addition to its affirmative defenses, IMPRA asserted a multi-count antitrust counterclaim.
 
 
 3
 The district court bifurcated IMPRA's patent misuse defense and its antitrust counterclaim from Gore's infringement claim and IMPRA's other affirmative defenses. Trial proceeded on the infringement claim and the affirmative defenses, less the patent misuse defense. Trial of the antitrust counterclaim is scheduled for some time after February 1994. The patent misuse defense remains unadjudicated.
 
 
 4
 On July 10, 1990, the district court entered judgment against Gore, finding that IMPRA did not infringe Gore's patent. In addition, the district court determined, inter alia, that the patent was invalid under 35 U.S.C. §§ 102, 103 & 112 p 1 and that Gore was subject to laches. At Gore's request, the district court certified the judgment pursuant to Fed.R.Civ.P. 54(b). Gore appealed and IMPRA cross-appealed.
 
 
 5
 Gore filed a motion to dismiss the cross-appeal or to limit the scope of the cross-appeal.[1] In response to this motion, IMPRA suggested that this court consider whether it has jurisdiction over the appeals, arguing that the pending patent misuse affirmative defense and the antitrust counterclaim render the judgment nonfinal because the unadjudicated issues do not constitute a "separate claim" as required by Rule 54(b). The court ordered the parties to submit briefs on the propriety of the district court's certification. IMPRA urged dismissal of the appeals based on an improper certification under Rule 54(b).
 
 
 6
 On April 28, 1992, the court dismissed the appeals for lack of jurisdiction, concluding that the district court had not completely adjudicated a single claim and therefore improperly certified the judgment as "final" pursuant to Rule 54(b). In reaching this conclusion this court relied primarily on the conclusion that Gore's infringement claim and IMPRA's patent misuse defense constituted a single claim for relief and the misuse defense was not adjudicated.
 
 
 7
 On reconsideration, Gore reiterates its argument that once the district court held Gore's patent invalid and the claims not infringed, the patent misuse defense was "wholly superfluous and immaterial" because Gore's infringement claim was "completely extinguished." Gore asserts that the district court properly certified its judgment as final under Rule 54(b) "notwithstanding the presence of the unadjudicated patent misuse issues and antitrust counterclaims." IMPRA responds by arguing that the district court's Rule 54(b) certification "was in no way meant to moot or otherwise affect IMPRA's right to a trial on the patent misuse defense."
 
 II. DISCUSSION
 A. What Law Applies
 
 8
 The first question presented in this motion for reconsideration is what law governs our review of the district court's certification under Rule 54(b). IMPRA argues that appealability under Rule 54(b) is jurisdictional and therefore Federal Circuit law should apply. In support of this argument, IMPRA relies upon Woodard v. Sage, 818 F.2d 841, 2 USPQ2d 1649 (Fed.Cir.1987) (in banc), which states:
 
 
 9
 While in some matters of procedural or substantive law this circuit has concluded that we will follow the law as interpreted by the circuit in which the district court is located, such deference is inappropriate on issues of our own appellate jurisdiction. This court has the duty to determine its jurisdiction and to satisfy itself that an appeal is properly before it.
 
 
 10
 Id. at 844, 2 USPQ2d at 1651 (citation omitted).
 
 
 11
 Gore argues that because appealability under Rule 54(b) is not unique to patent law, regional circuit law--Ninth Circuit law in this case--should apply. Gore cites Snellman v. Ricoh, 836 F.2d 528, 5 USPQ2d 1341 (Fed.Cir.1987), which states:
 
 
 12
 Because construction of the Federal Rules of Civil Procedure is a matter not unique to patent law, we would normally apply the law of the regional circuit in which the district court sits, here the Ninth Circuit.
 
 
 13
 Id. at 533, 5 USPQ2d at 1345.
 
 
 14
 Basically, we are faced with the difficult question of which circuit's law governs when our jurisdiction turns on the construction of "final," a term always implicated in determining appellate jurisdiction, when that term is used in a federal rule of civil procedure. However, because the Supreme Court has provided adequate guidance to resolve the issues presented in this motion for reconsideration, we need not and do not answer this question. The Supreme Court case law governs no matter which circuit's law we would otherwise apply. To the extent Supreme Court precedent does not address each subissue and where neither Ninth Circuit nor Federal Circuit case law provides any guidance, we look to the law of all circuits equally for persuasive reasoning.
 
 B. Origins of Rule 54(b)
 
 15
 Appellate courts have historically disfavored piecemeal litigation and permitted appeals from complete and final judgments only. Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945). Prior to the promulgation of the Federal Rules of Civil Procedure, generally "there was no authority for treating anything less than the whole case as a judicial unit for purposes of appeal." Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 432, 76 S.Ct. 895, 897, 100 L.Ed. 1297 (1956).[2] However, the Federal Rules of Civil Procedure created increased opportunities for the liberal joinder of claims in multiple claim actions. Id. As a result, litigation became more complex and multiple claim actions became more common.
 
 
 16
 In the interests of sound judicial administration, Congress enacted Rule 54(b) to "relax[ ] the restrictions upon what should be treated as a judicial unit for the purposes of appellate jurisdiction." Id. Rule 54(b) allows a district court to sever an individual claim that has been finally resolved. Rule 54(b) acknowledges the policy that in multiple claim actions "some final decisions, on less than all of the claims, should be appealable without waiting for a final decision on all of the claims." Id. (emphasis in original).
 
 C. Standard of Review
 Rule 54(b) provides:
 
 17
 When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.
 
 
 18
 Fed.R.Civ.P. 54. In order for Rule 54(b) to apply, the judgment must be final with respect to one or more claims. A judgment is not final for Rule 54(b) purposes unless it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Sears, 351 U.S. at 436, 76 S.Ct. at 900 (emphasis added). Courts analyzing whether Rule 54(b) applies must focus on both the finality of the judgment and the separateness of the claims for relief. See id.
 
 
 19
 The requirement of finality is a statutory mandate and not a matter of discretion. See Liberty Mutual Ins. Co. v. Wetzel, 424 U.S. 737, 742, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976). The Supreme Court has rejected the view that the mere recitation of finality and "no just reason for delay" by the district court pursuant to Rule 54(b) automatically renders a judgment appealable as a final decision pursuant to 28 U.S.C. § 1291 (1988).[3] Id. Instead, when an appeal is certified pursuant to Rule 54(b), an appellate court should review the finality of the judgment de novo in order to assure itself that it has jurisdiction. See Sears, 351 U.S. at 437, 76 S.Ct. at 1203-04. While the district court's determination that there is no just reason for delay is reviewed under an abuse of discretion standard, the Supreme Court has emphasized that the "District Court cannot, in the exercise of its discretion, treat as 'final' that which is not 'final' within the meaning of § 1291." Id. (emphasis in original).
 
 
 20
 The separateness of the claims for relief, on the other hand, is a matter to be taken into account in reviewing the trial court's exercise of discretion in determining that there is no just reason to delay the appeal. Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980). In Curtiss-Wright, the Supreme Court stated:
 
 
 21
 [I]n deciding whether there are no just reasons to delay ... [i]t was ... proper for the District Judge ... to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.
 
 
 22
 446 U.S. at 8, 100 S.Ct. at 1465 (footnote omitted). Likewise in an earlier case, the Supreme Court stated:
 
 
 23
 [T]he relationship of the adjudicated claims to the unadjudicated claims is one of the factors which the District Court can consider in the exercise of its discretion. If the District Court certifies a final order on a claim which arises out of the same transaction and occurrence as pending claims, and the Court of Appeals is satisfied that there has been no abuse of discretion, the order is appealable.
 
 
 24
 Cold Metal Process Co. v. United Eng'g & Foundry Co., 351 U.S. 445, 452, 76 S.Ct. 904, 909, 100 L.Ed. 1311 (1956).
 
 D. Analysis
 
 25
 In urging this court to consider whether it has jurisdiction over these appeals, IMPRA argued that "because issues of fact common to the patent and antitrust portions of this action exist, the adjudicated issues do not constitute a 'separate claim' as required by Rule 54(b)." IMPRA states that "[b]ecause the district court did not certify the as-yet-untried patent misuse defenses, this Court ... does not have jurisdiction over Gore's entire cause of action." IMPRA concludes that the pending patent misuse defense and the pending antitrust counterclaim render the infringement judgment nonfinal. IMPRA also maintains that "even if the decision were both final and separate from the bifurcated counterclaims, certification by the district court was an improper exercise of discretion." Three related issues are presented by IMPRA's assertions:
 
 
 26
 (1) Was the Rule 54(b) certification of the judgment on the infringement claim improper because the misuse defense was not decided?
 
 
 27
 (2) Is the judgment entered July 10, 1990 respecting the infringement claim final even though the affirmative defense of patent misuse is unadjudicated?
 
 
 28
 (3) Did the district court abuse its discretion by certifying this appeal in light of the factual relatedness of the antitrust counterclaim and the patent misuse defense, both undecided?
 
 
 29
 1. Undecided misuse defense.
 
 
 30
 IMPRA maintains that because the misuse defense remains outstanding but relates to the same claim that was certified for appeal, this court does not have jurisdiction. IMPRA states that "[b]ecause the district court did not certify the as-yet-untried patent misuse defenses, this Court ... does not have jurisdiction over Gore's entire cause of action." Similarly, IMPRA states that "this Court does not have jurisdiction over all of the defenses, its appellate jurisdiction being limited by the scope of the trial court's certification under Rule 54(b)."
 
 
 31
 This argument misconstrues Rule 54(b), is without merit, and is irrelevant. Rule 54(b) does not allow for certification of a defense. By its terms, Rule 54(b) allows certification only of "one or more but fewer than all of the claims or parties." Fed.R.Civ.P. 54(b). The only way a defense could ever be considered certified is implicitly and indirectly with the claim against which it is raised.
 
 
 32
 Moreover, Rule 54(b) does not come into play when mere defenses are left unadjudicated, but only when additional claims, counterclaims, or third-party claims are left unadjudicated. See Fed.R.Civ.P. 54(b). In the instant case, IMPRA's antitrust counterclaim has yet to be adjudicated. Rule 54(b) is implicated not because of the unadjudicated misuse defense but because of IMPRA's counterclaim.
 
 
 33
 2. Finality of adjudication of infringement claim. IMPRA also argues that the outstanding misuse defense renders the district court's judgment nonfinal. Because Rule 54(b) "does not relax the finality required of each decision, as an individual claim," Sears, 351 U.S. at 435, 76 S.Ct. at 899, we turn to general principles of finality from which we conclude that the undecided defense does not render the judgment nonfinal.
 
 
 34
 The Supreme Court has stated that a district court's judgment is final where it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). Once the district court decided that Gore's patent was invalid or that IMPRA did not infringe Gore's patent, the district court no longer needed to address any of the other defenses. The law is clear that a "defendant need only sustain one decisive defense, not all of them." Baumstimler v. Rankin, 677 F.2d 1061, 1070, 215 USPQ 575, 582 (5th Cir.1982). Because the infringement claim and several dispositive defenses were ruled upon, the district court's judgment was final. The district court's act of bifurcating the misuse defense does not and cannot impact on the finality of its judgment.
 
 
 35
 In this regard, IMPRA notes the factual relatedness of the misuse defense and the antitrust counterclaim and argues that "it is inevitable that the evidence of patent misuse will be presented at the upcoming antitrust trial in this action." That such evidence may be presented is irrelevant to our analysis of whether the infringement claim has been finally adjudicated.
 
 
 36
 In support of its argument that Rule 54(b) certification was improper in this case, IMPRA cites cases which state that Rule 54(b) "does not cover a partial adjudication of a single claim, even if other claims are presented in the case," Indiana Harbor Belt R. Co. v. American Cyanamid Co., 860 F.2d 1441, 1444 (7th Cir.1988), and that an appellate court does not have jurisdiction where the lower court has ruled on only "part of a single claim," Tolson v. United States, 732 F.2d 998, 999 (D.C.Cir.1984). Those cases, however, are clearly distinguishable and inapplicable to the instant case. In those cases, Rule 54(b) certification was improper because there was not more than one claim for relief. The court determined that two distinctly pleaded claims were actually one for purposes of Rule 54(b) because of the factual overlap between them. Indiana Harbor, 860 F.2d at 1445; Tolson, 732 F.2d at 1001. In the instant case, Rule 54(b) certification is proper because the infringement claim was finally adjudicated and there is more than one claim for relief--Gore's infringement claim and IMPRA's antitrust counterclaim--as required by Rule 54(b).[4]
 
 
 37
 Indeed, our former reliance on statements of this sort in the Fourth Circuit case of Flynn & Emrich Co. v. Greenwood, 242 F.2d 737 (4th Cir.), cert. denied, 353 U.S. 976, 77 S.Ct. 1060, 1 L.Ed.2d 1137 (1957), is what caused our analysis to go astray in our April 28, 1992 order. The Flynn case involved a patent infringement claim and an estoppel defense. The district court decided the estoppel defense adversely to the defendant and certified its ruling on the defense pursuant to Rule 54(b). The Fourth Circuit dismissed the appeal stating that the case involved "really only one claim for relief ... and that is patent infringement." Id. at 741. In analyzing Rule 54(b) certification issues, the court cannot look at statements in Rule 54(b) case law in a vacuum, without considering traditional notions of finality.
 
 
 38
 While Flynn can be relied upon for its teaching that an infringement claim and its defense are not separate claims for purposes of Rule 54(b), that does not mean that Rule 54(b) certification here is necessarily improper, as it was in Flynn. Traditional notions of finality guided the court in Flynn to conclude that the Rule 54(b) certification in that case was improper because there was not a final disposition of the infringement claim. The Fourth Circuit emphasized that judgments certified under Rule 54(b) must "finally dispose of a claim and not merely adjudicate a defense to a claim." Flynn, 242 F.2d at 741.
 
 
 39
 Traditional notions of finality in the instant case, on the other hand, do require a conclusion that there was a final disposition of the infringement claim. That the claim itself and several of IMPRA's defenses were adjudicated in IMPRA's favor did finally dispose of the claim.
 
 
 40
 3. Separateness of unadjudicated antitrust counterclaim.
 
 
 41
 IMPRA asserts that the overlap of factual issues concerning both Gore's infringement claim, particularly the misuse defense, and IMPRA's antitrust counterclaim shows that Rule 54(b) certification is improper. As stated supra, the factual relatedness of separate claims for relief is one of the factors a district court considers in deciding whether to exercise its discretion to certify an appeal. Cold Metal Process, 351 U.S. at 452, 76 S.Ct. at 909. Another factor to be considered is whether an "appellate court would have to decide the same issues more than once even if there were subsequent appeals." Curtiss-Wright, 446 U.S. at 8, 100 S.Ct. at 1465.
 
 
 42
 We see no abuse of discretion in this case. IMPRA's challenge to the propriety of the certification of the infringement claim because of the pendency of the counterclaim is superficial and unpersuasive. As an initial matter, we cannot say that IMPRA's conclusory assertions of factual overlap are adequate to show a factual overlap. Moreover, factual overlap on only tangential issues or on "one aspect" of a counterclaim is not adequate to show an abuse of discretion. The Supreme Court has stated that even where there is some factual overlap of issues, other factors may justify the district court's exercise of discretion to certify an appeal in a given case. Id. at 8 n. 2, 100 S.Ct. at 1465 n. 2.
 
 
 43
 Finally, IMPRA argues that the district court abused its discretion in failing to specify any findings and reasons for certifying the appeal. Quoting a Ninth Circuit case, Morrison-Knudsen Co. v. Archer, 655 F.2d 962 (9th Cir.1981), IMPRA concludes that the "trial court should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its order." Id. at 965. Even if Ninth Circuit law governs this issue as IMPRA's argument presupposes, the Ninth Circuit later explained the holding of Morrison-Knudsen, in Alcan Aluminum Corp. v. Carlsberg Financial Corp., 689 F.2d 815 (9th Cir.1982), revealing that Morrison-Knudsen findings are not required where "[t]he posture of the case is readily obtainable from the briefs and record." Id. at 817.
 
 
 44
 We cannot say in the instant case that the district court's failure to make explicit findings setting forth the reasons for its certification is fatal or amounts to an abuse of discretion. The posture of the case and the factors justifying entry of judgment are apparent from the materials before us.
 
 E. Conclusion
 
 45
 Despite the fact that IMPRA's misuse defense to the infringement claim was bifurcated and never tried, the infringement claim was a finally adjudicated claim. As such, Rule 54(b) certification was proper, and this court has jurisdiction to hear the appeals.
 
 
 46
 Accordingly,
 
 IT IS ORDERED THAT:
 
 47
 (1) Gore's motion for reconsideration is granted and appeal nos. 90-1489 and 90-1490 are reinstated.
 
 
 48
 (2) The court's April 28, 1992 dismissal order is vacated and the mandate is recalled.
 
 
 49
 (3) Gore's brief is due within 30 days.
 
 
 
 [1]
 In light of our reinstatement of these appeals, this motion is no longer moot. The court will act on the motion in due course
 
 
 [2]
 Sears, however, does suggest that there were limited exceptions to that general rule. See Sears, 351 U.S. at 432 n. 3 & n. 4, 76 S.Ct. at n. 3 & n. 4
 
 
 [3]
 Section 1291 limits the jurisdiction of the courts of appeals (other than the United States Court of Appeals for the Federal Circuit) to "final decisions of the district courts." 28 U.S.C. § 1291 (emphasis added). Because the jurisdictional statute of this court likewise requires "a final decision of a district court," 28 U.S.C. § 1295(a)(1) (1988), in this case, the same rule applies
 
 
 [4]
 See Section II.D.3. post