**UNITED TECHNOLOGIES CORP., Plaintiff,**

v.

**HEICO CORP., et al., Defendants.**

**No. 89–6934–Civ.**

United States District Court, S.D. Florida.

June 30, 1999.

Fred H. Bartlit, Jr., Mark L. Levine, Mary S. Moore, Chicago, Illinois, Isaac J. Mitrani, Miami, FL, for plaintiff.

Dennis A. Richard, Miami, Florida, Arnold A. Pagniucci, Chicago, Illinois, Aaron S. Podhurst, Miami, Florida, Daniel R. Cherry, Chicago, Illinois, Stuart Ames, Miami, Florida, for defendants.

---

## *ORDER ON UNITED'S MOTION FOR RULE 54(b) CERTIFICATION*

ROETTGER, District Judge.

**THIS CAUSE** is before the Court upon United's motion for Rule 54(b) certification so that United may appeal without delay the summary judgment orders the Court previously entered on August 25, 1997 and January 27, 1998 respectively.

Plaintiff United filed suit against Heico and Jet Avion Corporation (Heico). United's third, and final, amended complaint alleged three counts: count 1 was a federal claim for patent infringement, while counts 2 and 3 were state law claims alleging trade secret misappropriation and unfair competition. Heico answered United's claims, and in addition filed seventeen counterclaims.[1]

On August 25, 1997, the Court issued an order granting summary judgment in favor of Heico on United's state law claims for trade secret misappropriation and unfair competition. The Court found that these claims were time barred by the applicable Florida statute of limitations. Five months later, on January 27, 1998, the Court issued another order granting summary judgment in favor of Heico, this time on United's federal patent infringement claim. As to this claim, the Court found non-infringement of United's '026 patent. Thus, the Court has issued final judgment on all of United's claims for relief. What remains of the case are thirteen of Heico's seventeen counterclaims. *See supra,* n. 1.

Under Fed.R.Civ.P. 54(b), the Court may issue final judgment "as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Rule 54(b) continues with a proviso:

> In the absence of such determination and direction, any order or form of decision ... which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties....

Fed.R.Civ.P. 54(b).

The requirements of Rule 54(b) may be broken down to three: that there are multiple claims or parties, that at least one of the claims is finally decided, and that there is no just reason to delay appeal of the individual final judgments. *See Curtiss–Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 100 S.Ct. 1460, 1464–65, 64 L.Ed.2d 1 (1980); *see also, W.L. Gore & Associates, Inc. v. International Medical Prosthetics Research Associates, Inc.,* 975 F.2d 858, 861–62 (Fed.Cir.1992).[2]

---

1. The counterclaims include a request for a judgment declaring that United's withdrawal of certain drawings from the FAA was illegal (count 1), a claim for malicious prosecution for an infringement suit over United's '876 patent (count 2), four claims based on alleged false statements United made regarding Heico and its products (counts 3, 4, 6, 17), a claim under Florida law for unfair competition (count 5), seven claims of monopolization (counts 7 – 14), and two claims for judgments declaring two patents invalid (counts 15, 16). Notably, the Court has decided counts 9, 10, 13 and 14 in favor of United in a summary judgment order dated May 24, 1999. The remainder of this case consists entirely of the thirteen undecided counterclaims.

2. There is an issue as to which circuit's law this Court should apply in determining the instant motion. While this Court, as a district court of the Southern District of Florida, is bound by the law of the Eleventh Circuit, jurisdiction over an appeal in this case, having originated in part as a patent case, lies exclusively in the Federal Circuit. *See* 28 U.S.C. 1295(a)(1). The Federal Circuit will normally apply the law of the circuit in which the district court sits. *See, e.g., W.L. Gore,* 975 F.2d at 861. However, where the issue relates directly to whether the Federal Circuit has jurisdiction over a matter, the Federal Circuit has expressed uncertainty as to which law it will apply. *See id.* Nevertheless, in reviewing the propriety of a Rule 54(b) certification, the Federal Circuit has held that because Supreme Court law adequately dictates the standards for satisfying Rule 54(b), that law governs. Regarding "subissues," the Federal Circuit indicated that it will "look to the law of all circuits equally for persuasive reasoning." *Id.* These principles shall guide in the determination of whether Rule 54(b) certification is appropriate in this case.

As noted, this case clearly involves multiple claims, including United's original three claims, and Heico's seventeen counterclaims. There is also little question that the summary judgment orders entered on United's claims are considered final judgments, insofar as the orders effectively have ended the litigation on those claims in this Court. *See Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). The determinative issue on Rule 54(b) certification, then, is whether there remains "no just reason for delay." In deciding this issue, the Court must take into account "judicial administrative interests as well as the equities involved." *Curtiss–Wright Corp. v. General Elec. Co.*, 100 S.Ct. at 1465.

With respect to "judicial administrative interests," the Court may consider the separability of the claims, and whether the nature of the claims already determined were such that an appellate court would not have to decide the same issues more than once upon subsequent appeals. *See id.*

As to the issue of separability, United contends that the factual overlap between its three claims and Heico's counterclaims is slight. United argues that the only overlap is represented entirely by the presence of United's drawings as a fact in United's trade secret misappropriation claim, already decided, and in Heico's request for a declaratory judgment that the removal of certain drawings from the FAA was illegal, count 1 of its counterclaims. The record supports United's argument. The pending claims appear separable from United's dismissed claims.

In considering the second factor of "judicial administrative interests," the risk of repetitive litigation of claims, the Court must take into account the unique jurisdictional posture of patent cases. As mentioned, since this case arose in part as a patent case, exclusive jurisdiction over the appeal, patent and non-patent claims alike, is vested in the Federal Circuit. *See* 28 U.S.C. 1295(a)(1); *see also*, n. 2. Because jurisdiction is decided at the time of the filing of the complaint, the fact that the patent claims at some point become separated from the non-patent claims does not normally affect the Federal circuit's exclusive jurisdiction. *See Atari, Inc. v. JS & A Group, Inc.*, 747 F.2d 1422 (Fed.Cir.1984). However, where the patent issues of a case are finally decided without the possibility of being re-opened, the Federal Circuit has in the past, as a matter of judicial efficiency, transferred the remainder of the case to the circuit of the case's origin. *See USM Corp. v. SPS Technologies*, 770 F.2d 1035 (1985). Such may be the case here; a final appellate decision on the summary judgments may indeed conclude litigation on those claims once and for all. Conversely, of course, a reversal of the patent and state law judgments may revive those claims in this Court and spark further litigation. The Court is loath to speculate on what the Federal Circuit will do. The Court merely recognizes the possibility that while the summary judgments on patent and state law claims may play out in the Federal Circuit upon Rule 54(b) certification, there is an appreciable chance the remainder of the case, the counterclaims, would be appealed in the Eleventh Circuit. Accordingly, the Court finds that the chance of repetitive litigation of the same issues in the same court of appeals is slim.

Finally, in considering equitable interests, the Court is not blind to the fact that this case, filed ten years ago in front of another judge, has taken an exceedingly long journey to its present pared down state. That journey has accounted for some twenty volumes of pleading files, two and a half million pages of discovery, and several million dollars in fees and costs for both sides.[3] And still this case is staggering forth on the legs of thirteen anti-trust

---

[3] The allegations as to the number of pages exchanged and the amount of fees and costs ($14 million so far as to one of the parties) are taken from pleadings in a related case, *Traveler Casualty and Surety Co. v. Heico Corp., et al.*, 99–6457–CIV–ROETTGER, which this Court dismissed June 30, 1999 for lack of diversity.

counterclaims. The Court is optimistic that an appellate resolution of United's original and decided claims may well facilitate a settlement. This fact alone could merit certification. *See Curtiss–Wright, Corp.*, 100 S.Ct. at n. 2 (noting that the possibility of settlement of remaining claims could outweigh other factors and justify Rule 54(b) certification).

In light of the foregoing, the Court finds that there is no just reason for delay, and certification of the final judgments on United's patent and state law claims is justified. In making this decision, the Court is mindful of the Eleventh Circuit's instruction that Rule 54(b) certification is to be reserved for the unusual case where the "pressing needs of litigants for an early and separate judgment" trump concerns of efficiency and docket over-crowding; consequent to these concerns, the Eleventh Circuit has admonished district courts to exercise their "limited discretion afforded by Rule 54(b) conservatively." *See Ebrahimi v. City of Huntsville Board of Education*, 114 F.3d 162, 166 (11th Cir. 1997). This Court is satisfied that the circumstances of this case qualify as the rare circumstances contemplated by the Eleventh Circuit as justifying Rule 54(b) certification. Accordingly, it is

**ORDERED AND ADJUDGED** that United's motion for Rule 54(b) certification of those claims is **GRANTED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that United's motion for severance pursuant to Fed.R.Civ.P. 21 is **DENIED** as moot.

**DONE AND ORDERED.**