Catherine SAGANIS–NOONAN f/k/a Catherine Koenig, Appellant,

v.

Timothy R. KOENIG, Respondent.

No. 62010.

Missouri Court of Appeals,
Eastern District,
Division One.

June 22, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 14, 1993.

Application to Transfer Denied
Aug. 17, 1993.

See also 782 S.W.2d 86.

Theodore S. Schechter, Michael L. Schechter, Clayton, for appellant.

Richard D. Gerber, Charles Alan Siegel, II, Clayton, for respondent.

CRIST, Judge.

Wife and Husband were divorced on March 12, 1984. On May 24, 1991, Wife filed her Motion to Modify the divorce decree. She averred three counts: (1) Count I—modification of the decree regarding the residence of a minor child; (2) Count II—modification of child support; and (3) Count III—payment of unpaid educational and medical expenses. On October 10, 1991, Husband filed a Motion for Summary Judgment on Count III. On March 30, 1992, after an evidentiary hearing on Husband's motion, the trial court entered its order granting summary judgment in part in favor of Husband on Count III. The trial court determined nunc pro tunc "there is no just reason for delay and that said Order is a final judgment." Appeal dismissed without prejudice.

Husband proffers the partial summary judgment was not final and not appealable. In addition, he asserts the trial court should have included a reasoned explanation for its conclusion "there is no just reason for delay." Without such explanation, Husband argues this court is unable to review the trial court's decision to certify under Rule 74.01(b).

■ Federal Rule of Civil Procedure 54(b) is virtually identical to Rule 74.01(b). Federal decisions interpreting Rule 54(b) are persuasive to our decisions regarding Rule 74.01(b). *Boatmen's First Nat. v. Assemblies of God*, 806 S.W.2d 706, 711[1] (Mo.App.1991).

■ Rule 74.01(b) does not require the trial court to do anything other than make "an express determination that there is no just reason for delay." The rule does not require the trial court to make specific findings supporting its determination. However, many federal courts have required the district court to "clearly articulate the factors that it has considered and its reasoning in granting the Rule 54(b) certification." *Santa Maria v. Owens–Illinois, Inc.*, 808 F.2d 848, 854[1, 2] (1st Cir. 1986); *See also, Cemar, Inc. v. Nissan Motor Corp. in U.S.A.*, 897 F.2d 120, 123[1] (3d Cir.1990) ("we need a statement of reasons by the district court in order to determine that juridical concerns have been met"); *U.S. v. Ettrick Wood Products, Inc.*, 916 F.2d 1211, 1218[7–9] (7th Cir.1990) ("Although Rule 54(b) does not expressly require [it] ... it is important that the court explain its reasoning"). Even so, the federal courts rarely deny review simply because the district court fails to articulate its reasons. Generally, the federal courts will review the trial court's decision to certify when the reason is apparent from the record. *See, e.g., Ettrick Wood*, 916 F.2d at 1218[9] ("lack of an explanation does not necessarily defeat jurisdiction"); *Cemar*, 897 F.2d at 123[1] (could not review because reason was not apparent from the record); *Santa Maria*, 808 F.2d at 855[2] (court's rationale for certification necessary to meaningful review if contraindications apparent in the record); *Alcan Aluminum Corp. v. Carlsberg Financial Corp.*, 689 F.2d 815, 817[1] (9th Cir.1982) (court reviewed certification because posture of case was readily obtainable from the record). Other federal courts have indicated they will review the decision *de novo* if no reasons are stated by the district court. *See, Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 44[11] (1st Cir. 1988).

The trial court should specifically articulate its reasons for deciding "there is no just reason for delay" pursuant to Rule 74.01(b). *Assemblies of God v. Hendricks*, 807 S.W.2d 141, 145[2] (Mo.App.1991) (certi-

fication per Rule 74.01(b) requires "something more than a summary declaration to that effect"). However, failure to do so should not automatically result in dismissal of the appeal. Rather, the appellate court should review the decision to certify *de novo* without any deference. *Spiegel*, 843 F.2d at 44[10]; *See also, Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592[6] (7th Cir. 1990) ("When the district judge does not explain his decision, an appellate court should be skeptical."); *Consolidated Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 325–26[2] (1st Cir.1988) (de novo review if court fails to indicate reasons for 54(b) certification).

■ The question remains whether the trial court's 74.01(b) certification was proper. A fundamental prohibition exists against piecemeal appeals. *Santa Maria*, 808 F.2d at 854. Rule 74.01(b) is an exception to this rule, allowing the trial court to certify for appeal a judgment on fewer than all the claims or parties *only* if there is "no just reason for delay."

In *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 9, 100 S.Ct. 1460, 1465[4, 5], 64 L.Ed.2d 1 (1980), the Supreme Court provided some guidance for making a Rule 54(b) determination to avoid the prohibition against piecemeal appeals. The Court instructed the district courts to "take into account judicial administrative interests as well as the equities involved." *Id.* In considering judicial interests, the trial judge should decide:

> whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*Id.; See, Eyberg v. Shah*, 773 S.W.2d 887, 894–96[15–27] (Mo.App.1989) (Southern District adopted verbatim the requirements of *Curtiss–Wright*). However, the Court chose not to set up rigid guidelines for this determination. *Curtiss–Wright*, 446 U.S. at 10–11, 100 S.Ct. at 1466. In reference to *Curtiss–Wright*, Commentators have noted that "[g]iven the wide range of discretion conferred on the trial judge in deciding whether there is no just reason for delay, the district court should feel free to consider any factor that seems relevant to a particular action, keeping in mind the policies the rule attempts to promote." 10 Charles A. Wright, et al., *Federal Practice and Procedure* § 2659 (1983).

The First Circuit in *Spiegel* outlined four factors which it considered important in determining whether there *was* just reason for delay: (1) whether the action remains pending at the trial court as to all parties; (2) whether similar relief can be awarded in each separate count; (3) whether determination of the trial court claims would moot the appellate claim; and (4) whether the factual underpinnings of all the claims are intertwined. *Spiegel*, 843 F.2d at 44–45[12, 13].

■ We find the trial court abused its discretion in certifying this case for appeal under Rule 74.01(b). Wife averred three counts in her petition: (1) Count I—modification of the decree regarding the residence of a minor child; (2) Count II—modification of child support; and (3) Count III—payment of unpaid educational and medical expenses. In this case, the action does remain pending at the trial level for both Wife and Husband. More importantly, the factual basis of each of the three counts derives from the divorce decree and custody and support issues of the minor child. The facts are inextricably intertwined. For example, the decision of whether to modify child support relies on much of the same evidence adduced on Count III. A trial court can consider the cost of a private education in setting the amount of child support. *See, Markowski v. Markowski*, 793 S.W.2d 908, 909–10[2] (Mo.App.1990). A similarity of factual issues weighs against certifying dismissed claims for appeal. *Spiegel*, 843 F.2d at 45[14].

■ Without some indication from the trial court of its reasons for certifying this case for appeal, we must dismiss. *See, Pahlavi v. Palandjian*, 744 F.2d 902, 905[1] (1st Cir.1984) (trial court abused discretion where extensive factual overlap and

failure to cite reasons for certification). We also use the words of the First Circuit to caution trial courts about entering Rule 74.01(b) certification routinely:

> To entertain an early appeal just because reversal of a ruling made by the district court *might* transpire and *might* expedite a particular appellant's case would defoliate Rule 54(b)'s protective copse. This would leave the way clear for the four horsemen of too easily available piecemeal appellate review: congestion, duplication, delay, and added expenses. The path, we think, should not be so unobstructed.

*Spiegel,* 843 F.2d at 46[14]. Defendant's motion to dismiss is sustained.

Defendant's motion for sanctions pursuant to Rules 55.03 and 84.19 is overruled. Such sanctions are generally allowed only upon a showing of bad faith. *Lee v. Lee,* 782 S.W.2d 112, 116[9] (Mo.App.1989). We find no evidence of bad faith of Wife. Rather, it was an error of the trial court which resulted in this appeal.

Appeal dismissed without prejudice. Motion for sanctions overruled.

AHRENS, P.J., and REINHARD, J., concur.