Albert **JACKSON, individually and trustee of the Jackson Family Trust, Kenneth Ray Jackson and Connie Sue Jackson, individually and as statutory trustees of Jackson Farms, Inc., Plaintiffs/Respondents,**

v.

**CHRISTIAN SALVESON HOLDINGS, INC., Defendant/Appellant.**

No. 67288.

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 13, 1996.

Goldstein and Price, L.C., Gary T. Sacks, Alan K. Goldstein & Douglas E. Gossow, St. Louis, for Appellant.

Martin M. Green, Clayton, for Respondent.

SIMON, Judge.

Christian Salveson Holdings, Inc. (defendant), appeals from the judgment of the trial court denying its counterclaims for declaratory judgment (Count I) and for reformation (Count II) after the counterclaims and other equitable issues were severed from plaintiffs' petition for breach of a Buy–Sell Agreement.

Plaintiffs' petition alleged: (1) breach of the Buy–Sell Agreement for non-payment; (2) slander that arose out of the contractual

relationship; (3) breach of Albert Jackson's employment contract; (4) fraud; and (5) breach of the non-competition agreement.

In their joint answer, defendants, Christian Salveson Holdings, Inc., Christian Salveson, Inc., and Christian Salveson Transport, Inc., alleged as defenses to plaintiffs' breach of contract claim that: (1) it was barred by waiver and estoppel because plaintiffs accepted defendants' September 1989 payments pursuant to the Buy–Sell Agreement; (2) the acceptance of the aforementioned payments resulted in accord and satisfaction; (3) it was barred by plaintiffs' fraud and illegal acts in wrongfully converting defendants' materials, services, and potential business, etc.; (4) plaintiffs failed to join all necessary and indispensable parties; and (5) the Buy–Sell Agreement contained a mistake of fact.

Further, defendants alleged defenses of: (1) truth, privilege and opinion to plaintiffs' slander claim; (2) statute of limitations, waiver and estoppel, accord and satisfaction, the statute of frauds, and fraud to plaintiffs' fraud claim; and (3) accord and satisfaction, fraud, and plaintiffs' breach of the non-competition agreement.

In its counterclaim, defendant, in Count I, sought a judgment declaring: (1) that the term "expense" in the definition of Pre–Depreciation Surplus, contained in the Buy–Sell Agreement's purchase price formula, should be limited to "interest expense;" (2) that the amount owed to plaintiffs was $37,725.00 for the 50 share bloc purchased in 1989, $1.00 per share for the 50 share bloc for 1990 and 1991, and no amount was owed for the 50 share bloc purchased in 1992; and (3) that plaintiffs be directed to deliver the shares of stock to defendant. In Count II, defendant sought reformation of the term "expense" to "interest expense." This contention was based upon mutual mistake of fact due to a scrivener's error. Further, defendant contends the term "expense" is ambiguous standing alone. In Count III of its counterclaim, defendant alleged breach of the non-competition agreement.

The trial court granted defendants' motion for a separate trial on Counts I and II of the counterclaim and all equitable issues. Following trial, the court denied defendants' counterclaims for reformation and declaratory judgment. In its findings of fact and conclusions of law, the trial court found, *inter alia:* (1) that there was no mutual mistake of fact entitling defendant to reformation because there was no prior agreement that the term "expense" would be limited to "interest expense;" (2) any unilateral mistake claim by defendant was abandoned and, in any event, unilateral mistake does not entitle a party to reformation and rescission is impossible in this case; and (3) defendant was negligent and therefore estopped from asserting mistake. Subsequently, the trial court granted defendant's motion for entry of final judgment pursuant to Rule 74.01(b) and entered its order denying defendant's counterclaims for declaratory judgment and reformation and found that "there was no just reason for delay." However, the trial court specifically stated in its findings of fact and conclusions of law, that "[a]lthough [defendant] is not entitled to reformation of the Buy–Sell Agreement for mutual (or unilateral) mistake of fact, the Court finds that its Order denying recovery to [defendant] does not conclude the dispute between the parties concerning the Buy–Sell Agreement." Plaintiffs' claims, Count III of defendant's counterclaim and the affirmative defenses of waiver, estoppel, accord and satisfaction, and fraud to plaintiffs' breach of contract claim are pending.

At the outset, this Court, *sua sponte*, must determine its own jurisdiction of this appeal. *Committee for Educational Equality v. State*, 878 S.W.2d 446, 450[1] (Mo. banc 1994).

This is not a matter of mere technical concern. Judicial integrity and restrain demand it. To avoid an arbitrary discretion in the courts, it is indispensable that they should be bound by strict rules and precedents which serve to define and point out their duty in every particular case that comes before them. The Federalist Papers No. 78 (Alexander Hamilton). Courts, no less than the citizens they serve, must abide by the rules and prece-

dents defining their jurisdiction. To do otherwise is to erode the very foundation of the rule of law.

The right to appeal is established by statute. Mo.Const. art. V, § 5. A prerequisite to appellate review is that there is a final judgment. § 512.020.

*Id.* Although all claims were not disposed of by the judgment, the trial court specifically found that there was "no just reason for delay" with respect to its order denying defendant's counterclaims for declaratory judgment and reformation.

▰ An appealable judgment disposes of all issues in a case, leaving nothing for future determination. *Boley v. Knowles,* 905 S.W.2d 86, 88[1–5] (Mo. banc 1995). However Rule 74.01(b), permits a trial court to enter judgment on a single claim when multiple claims are asserted in a single action and to certify its judgment as appealable "upon an express determination that there is no just reason for delay." A judgment resolving fewer than all legal issues as to any single claim is not a final judgment and may not be separately appealed even if the trial court designates it as final and appealable. *Id.*

▰ Rule 74.01(b) applies to any claim for relief whether it is designated as a claim, counterclaim, cross-claim, or third party claim. Here, defendant filed a three-count counterclaim to plaintiffs' five-count petition seeking damages on the parties' Buy–Sell Agreement. The trial court ruled upon only two of the three counts in defendant's counterclaim but did not rule on all of the pleaded defenses.

▰ When Rule 74.01(b) was adopted in 1988, it was copied almost verbatim from Federal Rule of Civil Procedure 54(b). The meaning of the phrase "one claim for relief" was developed in the federal cases prior to the adoption of our rule. While not binding authority, the federal cases are highly persuasive. *Committee,* 878 S.W.2d at 451.

▰ In construing F.R.C.P. 54(b), to determine whether an action presents more than one claim for relief, the federal cases focus on the number of legal rights asserted in the action. *Id.* If a complaint seeks to only enforce one legal right, it states a single claim, regardless of the fact that it seeks multiple remedies. *Id.* A further refinement of what is meant by "one claim for relief" is that a claim is "the aggregate of operative facts that gives rise to a right enforceable in the courts." *Id.* The purpose and policy behind F.R.C.P. 54(b) is to avoid redundant review of multiple appeals based upon the same underlying facts and similar legal issues. *Id.*

Missouri's Rule 74.01(b) serves precisely the same purpose. *Id.* By withholding ruling on part of a claim, questions are left open which, upon full adjudication of the claim by the trial court, may make an order appealed from moot or which, when fully decided, may even change the identity of the aggrieved parties. *Id.*

▰ In summary, a judgment that disposes of only one of several remedies and leaves other remedies relating to the same legal rights open for future adjudication is not a final judgment under Rule 74.01(b). *Id.* Thus, if the order disposed of "one claim for relief," the order is a final judgment and this Court has jurisdiction. *Saganis–Noonan v. Koenig,* 857 S.W.2d 499, 500[1] (Mo. App.E.D.1993). Conversely, if the order merely disposed of a remedy, it is not a final judgment and this Court lacks jurisdiction to entertain the appeal. *Id.*

▰ The declaratory judgment act was designed to provide a preventative remedy. *Committee,* 878 S.W.2d at 452[10, 11]. It supplements but does not supplant other remedies. *Id.* It affects exclusively matters of practice, pleadings, and forms and modes of proceedings; it does not create any new or substantive rights, but is procedural in nature. *Id.* While the declaratory judgment act is liberally construed to accomplish its preventative purpose, it is but one of several remedies, not a substantive claim. *Id.* The order denying defendant's counterclaim for

declaratory judgment merely disposed of a remedy.

Further, the denial of defendant's claim for reformation merely disposed of another remedy. However, reformation is not the only way to preclude plaintiffs from seeking damages for the breach of the Buy–Sell Agreement. This point is evidenced by the remaining defenses of waiver, estoppel, accord and satisfaction, and fraud raised by defendant.

■ We recently applied a four prong test to determine whether there *was* just reason for delay, specifically: (1) whether the action remains pending at the trial court as to all parties; (2) whether similar relief can be awarded in each separate count; (3) whether determination of the trial court claims would moot the appellate claim; and (4) whether the factual underpinnings of all the claims are intertwined. *Saganis–Noonan* 857 S.W.2d at 501[4–6] *citing with approval* Spiegel v. Trustees of Tufts College, *843 F.2d 38, 44[11] (1st Cir.1988).*

In *Spiegel*, a faculty member brought an action against trustees of her school following rejection of her tenure application. *Id.* She asserted claims for: (1) breach of contract; (2) misrepresentation; and (3) violation of her civil rights in that she was denied tenure in retribution for her exercise of right to free speech in criticizing the practices of her department head. *Id.* Plaintiff appealed after the district court dismissed her first two claims and found that there was "no just reason for delay." The *First Circuit* dismissed her appeal after applying the aforementioned four prong test and finding that the inter-relationship between the adjudicated and unadjudicated claims were such that Rule 54(b) certification should not have been granted. The court found, *inter alia*, that all of plaintiff's claims "stem from the same overall series of events," specifically, whether the teacher "receive[d] a proper and fair tenure evaluation?" *Id.* at 45[13].

In *Saganis–Noonan*, wife averred three counts in her petition to modify a divorce decree, specifically: (1) modification of the decree regarding the residence of the minor child; (2) modification of child support; and (3) payment of unpaid educational and medical expenses. *Saganis–Noonan*, 857 S.W.2d at 501[4–6]. After summary judgment was entered in favor of husband as to the unpaid expenses, wife appealed after the trial court summarily found that "there was no just reason for delay." We dismissed the appeal because the action remained pending at the trial level and the factual basis of the three counts were "inextricably intertwined." *Id.* We further stated that a similarity of factual issues weighs heavily against certifying dismissed claims for appeal. *Id.*

■ Here, the action remains pending at the trial level as to all parties. As stated earlier, the trial court held that its order denying recovery on the declaratory judgment and reformation counterclaims "does not conclude the dispute between the parties concerning the Buy–Sell Agreement." Defendants' defenses of waiver, estoppel, accord and satisfaction, and fraud, would provide similar relief, i.e., they would defeat plaintiffs' breach of contract claim. Also if plaintiffs' breach of contract action is successfully defended by utilization of defendants' other pleaded defenses, this appeal would be mooted. As the decision at the trial level will rely upon much of the same evidence adduced as to the counterclaims, we find that the facts here are "inextricably intertwined." *See Id.* The similarity of factual issues between the appeal and the pending actions below weighs against certifying the denied claims for appeal. *Id.* Since the trial court's order resolved fewer than all legal issues to the breach of the Buy–Sell Agreement, it is not a final judgment.

Since the order of the trial court was not appealable, this Court lacks jurisdiction, and is without jurisdiction to consider plaintiffs' Rule 84.14 motion which was ordered taken with the case.

APPEAL DISMISSED.

CRANE, C.J. and BLACKMAR, Senior Judge, concur.