Keith LYNCH, et al., Respondents,

v.

Kenneth LYNCH, Sr., Appellant,

v.

Kathleen R. LYNCH, Respondent.

No. 72817.

Missouri Court of Appeals,
Eastern District,
Division One.

March 31, 1998.

Richard J. Eisen, Ziercher & Hocker, Clayton, for Kenneth Lynch, Sr.

William W. Hollander, Wion & Hollander, St. Louis, for Keith Lynch.

W. Morris Taylor, W. Morris Taylor, P.C., St. Louis, for Kathleen R. Lynch.

GARY M. GAERTNER, Judge.

Appellant, Kenneth Lynch ("father"), appeals the judgment of the Circuit Court of St. Louis County dismissing his third-party petition against respondent, Kathleen R. Lynch ("mother"), in a suit filed by the parties' children, Keith Lynch, Kristopher Lynch, Kevin Lynch, and Kenneth Lynch, Jr. ("sons") against father.[1] We dismiss the appeal.

---

1. Sons are not parties to this appeal.

This case arises out of a lengthy factual history: mother and father were married in 1958. Sons were born of the marriage. The parties divorced in 1971, and their property was divided pursuant to the decree of dissolution. However, the parties began living together as a family unit in 1972, though they never remarried. During the time the parties lived together, they held themselves out as husband and wife. They raised their children and conducted their financial affairs jointly.

On each of two occasions in 1983, sons' maternal grandfather gifted each son two hundred shares of stock in MCI Communications Corporation, for a total of 1600 shares, each son holding four hundred shares. In late 1988, mother and father transferred these shares into their names jointly.[2] Sometime thereafter, the shares were sold and converted into one or more Linsco Private Ledger Corporation accounts, including account number 6392027, and into shares of stock of Mesa Airlines, Inc., now numbering at least 4050 shares.

Mother and father separated in 1992. Mother filed a multi-count petition against father, which included claims of detrimental reliance, conversion, breach of fiduciary relationship, and accounting among others, and requested a partition of the parties' property.[3] Father counterclaimed for partition. Mother claimed ownership of the MCI stock, the Mesa Airlines stock, and the Linsco account funds; father claimed ownership of the Mesa Airlines stock and the Linsco account funds. At some point during the litigation, sons filed a motion to intervene, which was denied as untimely.[4] At the conclusion of the trial, the court partitioned the couple's property, awarding mother the Linsco account and awarding father the Mesa Airlines stock. Neither mother, father, nor sons appealed this judgment.

Subsequently, in May of 1996, sons filed the underlying lawsuit against father, alleging various counts in equity. The substance of these claims alleged father, with the aid of mother, wrongfully appropriated the MCI stock in his and mother's names and then converted the property, depositing some into one or more Linsco accounts and investing some portion of the property in shares of Mesa Airlines stock. Upon sons' information and belief, "[mother] was unaware of the nature of the transfer and the intentions of [father]."

Father then filed a third-party petition against mother, alleging in part that, should father be held accountable for conversion of the MCI stock, mother should also be held liable as she used proceeds from the Linsco account to fund the purchase of a coffee franchise. Mother filed a motion to dismiss the third-party petition on the grounds it was barred by res judicata and collateral estoppel. The trial court ordered mother and father to file briefs on mother's motion, and thereafter sustained mother's motion to dismiss without explanation. The trial court also found no just reason for delay and certified the order as final and appealable under Rule 74.01. Father filed the instant appeal.

This Court has the duty to determine its jurisdiction *sua sponte*. *Jackson v. Christian Salveson Holdings*, 914 S.W.2d 878, 881 (Mo.App. E.D.1996). A judgment disposing of all claims or the rights and liabilities of all parties is a prerequisite to appellate review. Rule 74.01; *Jackson*, 914 S.W.2d at 882. This prerequisite reflects the fundamental prohibition against piecemeal appeals. *Magna Bank of Madison Cty. v. W.P. Foods*, 926 S.W.2d 157, 160 (Mo.App. E.D.1996). However, Rule 74.01(b) contains an exception to this rule wherein it allows a trial court to enter judgment on fewer than all claims or with respect to fewer than all parties and certify the judgment appealable

2. Sons' petition in the underlying suit alleges their signatures were forged on a stock assignment "by [father], or someone acting on his behalf and at his instruction...."

3. Mother's counts in equity alleged father deceived and misled her into titling her separate property jointly in both parties' names.

4. The record does not indicate when sons filed their motion to intervene. Trial on mother and father's suit began on October 10, 1995, and concluded on December 18, 1995. The order denying sons' motion to intervene is dated December 12, 1995.

by finding "there is no just reason for delay." Although a trial court is given wide latitude in determining whether a partial judgment should be certified for appeal under Rule 74.01(b), "where the circumstances of the case and the judgment entered are wholly inconsistent with a finding of 'no just reason for delay,' a finding to that effect by a trial court is an abuse of discretion." [5] *Committee for Educ. Equality v. State*, 878 S.W.2d 446, 453 (Mo.banc 1994).

In deciding whether the certification of a partial judgment is proper, courts apply a four-factor test: (1) whether the action remains pending in the trial court as to all parties; (2) whether similar relief can be awarded in each separate count; (3) whether determination of the claims pending in the trial court would moot the claim being appealed; and (4) whether the factual underpinnings of all the claims are intertwined. *Jackson*, 914 S.W.2d at 883. Upon considering the facts of the case before us in light of these factors, we find the trial court should not have found "no just reason for delay." [6]

While dismissing the third-party petition against mother removed one party from the suit, mother was an integral player in the acts which sons alleged were wrongful. While sons allege mother was an unwitting accomplice "upon information and belief" at the time of filing, the evidence at trial may establish otherwise. Sons seek recompense under various equitable theories for the shares of stock wrongfully appropriated and converted into other assets, including *but not limited to* the Mesa Airlines stock. Mother was awarded some of these assets in the suit for partition; moreover, father alleged mother used proceeds from the converted shares. Furthermore, if after a trial or other disposition of the case the trial court finds only father is liable to sons, then the current appeal is mooted. Lastly, the evidence on which the trial court will rely in deciding the merits of sons' claims will involve evidence of mother's involvement, and hence evidence on father's third-party petition. Accordingly, both the petition and the third-party claim spring from the same factual underpinnings.

Because the trial court's order was not appealable, we lack jurisdiction to entertain the merits of father's claim. Based on the foregoing, the appeal is dismissed.

GRIMM, P.J., and PUDLOWSKI, J., concur.

---

**5.** This Court has previously noted Federal Rule of Civil Procedure 54(b), from which our Rule 74.01(b) was derived, requires trial courts to include the reasons for finding "no just reason for delay," and where such findings are not given, the trial court's decision is reviewed without deference. *Saganis–Noonan v. Koenig*, 857 S.W.2d 499, 500–501 (Mo.App. E.D.1993); *see, e.g., Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 44 (1st Cir.1988). Although our rule does not mandate the trial court make express findings, we have previously expressed our approval of the practice. *Koenig*, 857 S.W.2d at 500–501; *citing Assemblies of God v. Hendricks*, 807 S.W.2d 141, 145 (Mo.App. S.D.1991).

**6.** The trial court did not set forth its reasons for granting mother's motion to dismiss the third-party complaint, nor did the court state why it found there existed "no just reason for delay" of an appeal of the order.