**Kevin P. KRUEGER, Kerry Krueger, Kurt Krueger, and Kirsten Krueger Aiello, Plaintiffs/Appellants,**

v.

**PULITZER, INC., Rommel Medrano, David Carron and Jason Adam Meriwether, Defendants/Respondents.**

No. ED 80242.

Missouri Court of Appeals, Eastern District, Division Four.

July 16, 2002.

Application for Transfer to Supreme Court Denied Aug. 29, 2002.

Application for Transfer Denied Oct. 22, 2002.

G. Keith Phoenix, Charles G. Schierer, St. Louis, MO, for appellant.

Russell F. Watters, T. Michael Ward, St. Louis, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Plaintiffs Kevin P. Krueger, Kerry Krueger, Kurt Krueger and Kirsten Krueger Aiello (collectively "Plaintiffs") appeal the summary judgment entered in

**62**

favor of defendant Pulitzer, Inc. Plaintiffs conceded during oral argument that the record in the instant case is the same as the record in *Seung Lee v. Pulitzer Publishing Co.*, 81 S.W.3d 625 (Mo.App.E.D. 2002). We have carefully reviewed the opinion in that case and agree with the analysis therein. Therefore, we affirm pursuant to Rule 84.16(b) for the reasons set forth in that case.

■ Plaintiffs also challenge the trial court's grant of defendants' Rommel Medrano, David Carron and Jason Adam Meriwether separate motions to transfer venue from the Circuit Court for the City of St. Louis to St. Louis County Circuit Court. The trial court designated this issue as final and appealable because there was no just reason for delay. Rule 74.01(b) allows the trial court to designate as final a judgment "as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Rule 74.01(b); *Committee for Educational Equality v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994).

■ However, a "judgment which resolves fewer than all legal issues as to any single 'claim for relief' is not final notwithstanding the trial judge's designation as such." *Id.* In determining whether a judgment disposing of less than all claims is final, we must look to the claim that is the subject of the judgment and decide whether it constitutes one single, yet complete claim. *Lumbermens Mutual Casualty v. Thornton*, 36 S.W.3d 398, 402 (Mo.App. 2000). One claim for relief is "the aggregate of operative facts that gives rise to a right enforceable in the courts." *Jackson v. Christian Salveson Holdings, Inc.*, 914 S.W.2d 878, 882 (Mo.App.1996). Clearly the trial judge's ruling on the change of venue from St. Louis City to St. Louis County does not finally dispose of any claim against Medrano, Carron, or Meri-

wether. Therefore, we lack jurisdiction to consider this issue. *See Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997) (court must sua sponte determine its jurisdiction of the appeal).

The judgment in favor of defendant Pulitzer, Inc. is affirmed pursuant to Rule 84.16(b). In all other respects the appeal is dismissed.

SHERRI B. SULLIVAN, P.J., and LAWRENCE E. MOONEY, J., concur.