Joyce J. (Franko) DELANEY,
Plaintiff–Respondent,

v.

Brian Morris GLEED, Defendant–
Appellant.

No. 25912.

Missouri Court of Appeals,
Southern District,
Division One.

July 17, 2005.

Christopher J. Stark, Springfield, MO, for Appellant.

Lynn C. Rodgers, Deborah K. Dodge, Springfield, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

The case before us has a tortured procedural history; it is before us now after the trial court designated its judgment in a partition action as a final judgment with no just reason for delay was granted by the trial court. We must determine initially whether we have jurisdiction in this matter. We find that we do not and dismiss the appeal.

 Typically, an appellate court only has jurisdiction over final judgments that dispose of all issues and parties and leave nothing for future determination. *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997). Rule 74.01(b)[1] provides an exception to this rule and allows a trial court to enter a judgment on fewer than all claims and certify the judgment for appeal provided that it makes an express determination that "no just reason for delay" exists. *Id.* The trial court's determination is not conclusive, however. *Id.* "It is the content, substance, and effect of the order that determines finality and appealability." *Id.* The appellate court must determine whether the partial judgment actually qualifies as a final judgment. *Clay County ex rel. County Com'n of Clay County v. Harley and Susie Bogue, Inc.*, 988 S.W.2d 102, 108 (Mo.App. W.D.1999). Although appellate courts give trial courts wide latitude regarding its determination that a partial judgment is certified for appeal under Rule 74.01(b), "where the circumstances of the case and the judgment are wholly inconsistent with a finding of 'no just cause for delay,' a finding to that effect by a trial court is an abuse of discretion." *Committee for Educ. Equality v. State*, 878 S.W.2d 446, 453 (Mo. banc 1994).

In the present case, the trial court, as directed by Rule 96.08 and chapter 528,[2] determined the interests of the parties and determined that the property must be sold. Next, the trial court made an express determination of "no just reason for delay" and made an order of final distribution of the property, but it simultaneously sustained a request for an accounting of rents, profits, insurance proceeds, and waste. Because the trial court sustained the motion for accounting, the court abused its discretion by finding "no just reason for delay" and making a final order of distribution of the property. The result of the accountings will necessarily affect the distribution of the sale proceeds; thus, the judgment is not final and we are forced to dismiss the appeal.

*Procedural History*

The initial lawsuits were filed in 1996; Joyce J. (Franko) Delaney ("Respondent")

---

1. All rule references are to Missouri Court Rules (2005), unless otherwise stated.

2. All references to statutes are to RSMo 2000, unless otherwise specified.

initially filed a suit in two counts, the first count for clear title and the second for a declaratory judgment adjudicating the rights and interests of the parties. After numerous discovery disputes and motions before the trial court, approximately a year later, Brian Morris Gleed ("Appellant") filed a counterclaim in two counts, first asking for funds due him from the closing of real estate Appellant claimed to have an interest in and, second, a suit in partition. In 1998, a trial was held in which the trial court granted Appellant's motion for judgment at the close of Respondent's case on her claim for quiet title; again, after numerous trial motions, the court in August of 2000 granted an interlocutory judgment and order in partition. The court made specific findings that Appellant was not entitled to any credit for rental value of the premises because Appellant did not contribute to improvements to the property and that the property had no rental value because it was unlivable prior to the improvements. The court determined the interests of the parties as 86.33% to Respondent and 13.67% to Appellant.

The court appointed Commissioners as required by law in aid of the determination whether the property could be divided in kind and to determine whether a division in kind could be ordered. The Commissioners reported that partition could not be made without great prejudice to the owners. Respondent filed a motion for an order for the sale of land in May 2002. After numerous delays in setting a date for a final hearing, the land was ordered sold on December 17, 2002. The land was sold, the sale was approved and the proceeds were placed in the deposit of the court on March 25, 2003. Appellant filed a motion for "additional extension of time to file motions and suggestions" on June 25, 2003; on July 2, 2003, Appellant filed an additional motion for sanctions and order to determine the value of the property and for an order allowing attorney fees; on August 14, 2003, Appellant filed a motion to "re-open evidence"; and on August 15, 2003, a motion for accounting of rents, profits, insurance proceeds, and waste.

On August 15, 2003, the trial court entered an order purporting to amend the partition judgment and ordered $5,000.00 in attorney fees to be awarded. On August 29, 2003, a final judgment was entered ordering costs and percentages of the proceeds in line with the interlocutory order to be paid to Respondent and Appellant; however, in a docket entry, the court indicated that the money was not to be paid out until "he says it is ok." The docket entry reflects that an Amended Final Judgment was filed on September 2, 2003. On September 29, 2003, Appellant filed a motion for a new trial, which was overruled on October 24, 2003. It is from that judgment that an appeal was taken. In an interesting twist, however, Appellant now claims that there is no final judgment because of unresolved issues between the parties.

Specifically, he bases this claim on an argument that in its September 2, 2003 order, the court stated:

On August 15, 2003, the Court considered [Appellant's] Motion for Attorneys Fees and Motion to Reopen the Evidence for further proceedings on alleged waste and accounting for rents received from the property. The Court sustained [Appellant's] Motion for Attorney[']s Fees and awarded [Appellant] an attorney[']s fee of $5,000.00, to be deducted from the sale, paid into the registry of the Court. The Court further sustained [Appellant's] Motion to Reopen the Evidence, but expressly notes that it has taken multiple attorneys, judges, dismissal dockets, and the passage of 5

2[sic] years, to get to this point of having sold the land and entered a judgment as to division of the proceeds from the sale, and in accordance with Supreme Court Rule 74.02(1)(b), for the basic underlying litigation, the Court finds there is no just reason for delay and denominates this as a final judgment as to the partition issues. Pending are recently raised new issues for accounting of rents, profits, insurance proceeds; that by gauging the 5 2[sic] years to make it to this point, the Court believes it is time to let the parties proceed to some finality in the partition action

. . . .

### Discussion

■■■ Initially, we note that Appellant has the duty to provide this court with all of the documents which support his contentions and matters omitted from the record will not be presumed to be favorable to Appellant. *Wilkerson v. Prelutsky,* 943 S.W.2d 643, 649 (Mo. banc 1997); Rule 81.12. As noted above, although Appellant filed motions on August 14, 2004, to reopen evidence, and on August 15, 2003, for an accounting of rents, profits, insurance proceeds, and waste, Appellant failed to include in the legal file any of those pleadings. We do not know the precise basis of his claim that the evidence was reopened. We do not see in the record the grant of any of Appellant's previous motions to reopen the evidence other than the recitation in the Amended Final Judgment of September 2, 2003. On August 29, 2003, a judgment was entered. Appellant failed to provide this Court with a copy of that judgment. It was not until September 29, 2003, that Appellant filed a motion for new trial. In that motion he claimed there were pending issues affecting the distribution ordered by the court in the partition action, namely the willful and wanton destruction of a substantial portion of the improvements prior to the auction of the property but after the inspection by the Commissioners. The motion for new trial was overruled on October 24, 2003, and the Notice of Appeal was filed November 3, 2003. Although normally Appellant's proposition would fail for his failure to provide us with the appropriate documentation, the Amended Final Judgment, which purports to be a final judgment, admits that there are still pending issues related to accounting of rents, profits, and insurance proceeds. As these items relate to the distribution from a partition sale, we are forced to dismiss the appeal.

The appropriate test for determining whether the court abused its discretion is the four-factor test outlined in *Lynch v. Lynch,* 966 S.W.2d 345 (Mo.App. E.D. 1998). The *Lynch* court explained that an appellate court deciding whether certification of a partial judgment is proper must consider four factors:

> (1) whether the action remains pending in the trial court as to all parties; (2) whether similar relief can be awarded in each separate count; (3) whether determination of the claims pending in the trial court would moot the claim being appealed; and (4) whether the factual underpinnings of all the claims are intertwined.

*Id.* at 347. Both parties agree that *Lynch* provides the appropriate test for these circumstances, and both parties agree that the first factor favors a dismissal because the action remains pending in the trial court as to all parties.

■■■ The second factor also favors a dismissal. The relief for the actions for rents, profits, and waste is the same relief awarded in a partition suit. In a partition suit, parties who have made expenditures with respect to the property for taxes, insurance, and necessary repairs and im-

provements are entitled to reimbursement from the other parties who have an interest in the property. *Clark v. Dady*, 131 S.W.3d 382, 390 (Mo.App. W.D.2004). In the case of a partition sale, "reimbursement is effectuated by offsetting the reimbursable expenditures against the sale proceeds partitioned to the other party." *Id.* Likewise, a party may be entitled to a credit or setoff against the sale proceeds partitioned to another party if the other party has earned rents and profits from the property or has committed waste that affected the value of the property. *See Hartog v. Siegler*, 615 S.W.2d 632, 637 (Mo.App. E.D.1981) (finding that a co-tenant not in possession may be entitled to set off claims for rents and profits against reimbursable expenditures); *Colbert v. Howard*, 707 S.W.2d 496, 498–99 (Mo.App. W.D.1986) (concluding that allegations of waste may affect the final distribution of partition sale proceeds); and *Hahn v. Hahn*, 297 S.W.2d 559, 567 (Mo. banc 1957) (explaining that whether a tenant in possession is accountable for profits produced by his own efforts is affected by whether the tenant in possession has committed waste). Thus, the relief for actions for rents, profits, and waste not only is the same kind of relief awarded in a partition suit but also affects the relief awarded in the partition suit.

The third factor also merits a dismissal. The claim being appealed is that the trial court should include a determination of the claims for rents, profits, and waste in its order of final distribution of the property. If the trial court considers these claims in its final order, the claim being appealed would become moot.

Finally, the fourth factor justifies a dismissal. The factual underpinnings of the rent and profits claims are intertwined with the partition action because the alleged rents and profits had accrued at the time of the time of partition. In *Smith v. Hackleman*, this Court held that the time of the accrual of alleged rents and profits in relation to the time of partition is the determinative issue regarding when a claim for an accounting of rents and profits must be resolved:

if at the time of partition the rents and profits in dispute have not accrued, are not in perception and are not ascertainable, the law does not require the impossible (lex non cogit ad impossibilia) and will permit an action in accounting to be maintained after termination of the partition suit. However, if the rents and profits have "accrued" or "if there is anything due," or if there be "rents and profits in perception" at the time of partition, then a claim for accounting of such rents and profits must be made in the partition suit if the claimant is to avoid splitting his cause of action and having a subsequent and separate action for an accounting barred under the doctrine of res judicata.

467 S.W.2d 61, 64 (Mo.App.1971) (citations omitted).

In the present case, the motion for accounting of rents, profits, insurance proceeds, and waste apparently requests, in part, that Respondent account for the rents received when she leased the property to a third party. These amounts are "rents and profits in perception," and they had accrued at the time of partition. Thus, according to *Hackleman*, if Appellant made his claim for accounting as a part of the partition suit, then the trial court must resolve the claim before entering a final judgment. Appellant did not make the claim when he initially brought the partition suit, but he did make it before the court entered its Amended Final Judgment, while the trial court still had jurisdiction to modify its interlocutory judgment. *See Heintz v. Hudkins*, 824

S.W.2d 139, 144 (Mo.App. S.D.1992) (finding that "[a] trial court retains jurisdiction to modify an interlocutory judgment in a partition suit any time before final judgment"). Thus, according to *Hackleman,* the actions for accounting and partition in this case are intertwined.

All of the four factors of the *Lynch* test therefore mandate a dismissal and the trial court abused its discretion by ordering a final distribution of the partition sale proceeds. The court must resolve the pending issues regarding rents, profits, insurance proceeds, and waste before entering a final judgment ordering a final distribution of the partition sale proceeds. We are also mindful that the trial court in an earlier interlocutory judgment found that there was no rental value and denied any claim for rents due to Respondent's occupation of the property; however, because that order was interlocutory, we must conclude that the trial court reconsidered the issue and the potential effect of the issues raised in the accounting. In making this decision, we intend to convey no opinion whatsoever on the merits of the percentages of the partition rendered by the court in its interlocutory judgment. The appeal is dismissed.

GARRISON, P.J., concurs in result only.

PREWITT, J., concurs.