DON E. BURRELL, P.J.
Legacy Bank, the plaintiff below, attempts to appeal the trial court's "ORDER GRANTING DEFENDANT PARTIAL SUMMARY JUDGMENT " ("October 2017 order") as to Defendant Ryan N. Nelson ("Nelson").[1] The October 2017 order "granted partial summary judgment on [Legacy Bank's] Count [1] and Count [2]" in favor of Nelson as to three particular deeds of trust which had secured promissory notes relating to particularly-described property in Barry County ("the property").[2] The October 2017 order denied Nelson's motion for summary judgment as to another deed of trust, and it left disputes related to that deed of trust to be resolved by trial.
At the request of Legacy Bank, the trial court subsequently certified the October 2017 order "as final for purposes of appeal pursuant to [Rule] 74.01(b)." Because the October 2017 order did not dispose of Legacy Bank's claims against Nelson, the order did not dispose of a "distinct judicial unit," and we must dismiss the appeal.
Background
The October 2017 order denominated the particular deeds of trust to be released *37 as "Second Deed of Trust[,]" "Third Deed of Trust[,]" and "Fourth Deed of Trust[,]" ("Second, Third and Fourth Deeds of Trust"). The remaining deed of trust discussed in the October 2017 order was denominated, "Fifth Deed of Trust[.]"
Legacy Bank's two-count petition alleged that SFB's deed, the Second, Third and Fourth Deeds of Trust, and the Fifth Deed of Trust (collectively, "the deeds of trust"), had been executed by Nelson. Except for SFB's deed of trust, the deeds of trust were alleged to be in favor of Legacy Bank. Count 1 sought quiet title in Nelson as to the property, as well as declarations of the respective priorities of liens against the property as perfected by the deeds of trust. Count 2 sought an in rem judgment against the property in favor of Legacy Bank "for the total debt due to Legacy Bank plus advances, interest, attorney fees and costs incurred[,]" along with a foreclosure sale of the property. Nelson's answer to the petition asserted, inter alia , that Legacy Bank's claims were "barred by payment; accord and satisfaction and equitable estoppel[.]"
Both parties filed motions for summary judgment. A hearing on the competing motions was held, and the matter was taken under advisement. The trial court later denied Legacy Bank's summary judgment motion in a June 2017 order. The October 2017 order "granted partial summary judgment" in favor of Nelson on Counts 1 and 2, and found that Nelson was entitled "upon request" to a release of the Second, Third and Fourth Deeds of Trust. Additionally, the October 2017 order found that Legacy Bank was not entitled to foreclose on the Second, Third and Fourth Deeds of Trust. The partial summary judgment further stated that the trial court would "set the issues concerning the 'Fifth Deed of Trust' ... for trial upon request by either party[.]"
At Legacy Bank's request, the October 2017 order was amended "as final for purposes of appeal pursuant to [Rule] 74.01(b)." Legacy Bank filed its notice of appeal after the entry of that amended order.
Analysis
Before we may reach the substance of Legacy Bank's points relied on, we must first determine whether we have jurisdiction over the appeal. "Typically, an appellate court only has jurisdiction over final judgments that dispose of all issues and parties and leave nothing for future determination." Delaney v. Gleed , 169 S.W.3d 84, 85 (Mo. App. S.D. 2005).
Rule 74.01(b) allows the circuit court to "enter a judgment as to one or more but fewer than all of the claims or parties" by certifying the judgment as final by making "an express determination that there is no just reason for delay." The circuit court's determination is not dispositive; instead, "[i]t is the content, substance, and effect of the order that determines finality and appealabilty [sic]." Gibson [v. Brewer ], 952 S.W.2d [239,] 244 [ (Mo banc 1997) ]. The circuit court's designation is only effective "when the order disposes of a distinct 'judicial unit.' " Id.
A distinct "judicial unit" is defined as "the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim." Id.
Ndegwa v. KSSO, LLC , 371 S.W.3d 798, 801-02 (Mo. banc 2012). Thus, "[a] judgment ... which resolves fewer than all legal issues as to any single claim is not a final judgment and may not be separately appealed even if the trial court makes the designation authorized by Rule 74.01(b)."
*38 Albright v. Kelley , 926 S.W.2d 207, 209 (Mo. App. S.D. 1996).
Here, "[u]nlike the Gibson case, where the court dismissed all counts against one party, no party in the instant case has been entirely discharged from the litigation[.]" State ex rel. Bannister v. Goldman , 265 S.W.3d 280, 285 (Mo. App. E.D. 2008). Both counts of Legacy Bank's petition "remain pending; no count is adjudicated. What recovery, if any, [Legacy Bank] may make on any count remains unresolved." Mid-States Sales Co. v. Fugitt Bros. Livestock Co. , 980 S.W.2d 351, 354-55 (Mo. App. S.D. 1998).
The appeal is dismissed.
NANCY STEFFEN RAHMEYER, C.J. - CONCURS
GARY W. LYNCH, J. - CONCURS

The petition also named State Farm Bank, FSB ("SFB") and Dynamic Drywall Inc. ("Dynamic") as defendants having an interest in the property. The petition alleged that Nelson had executed the last of the identified deeds of trust to secure a promissory note that had been executed by the president of Dynamic. Dynamic was served with the petition but did not participate in the litigation. SFB, Legacy Bank, and Nelson stipulated that SFB held the first deed of trust ("SFB's deed of trust") and was "entitled to have [SFB's deed of trust] foreclosed as a first and prior [sic] upon the [p]roperty[.]" Thereafter, SFB halted its participation in the case until it filed a satisfaction of judgment after the October 2017 order was entered.

Nelson's answer admitted that the property is described as: "LOT 1 AND THE NORTH ½ OF LOT 2, BLOCK 2, SUGAR ROCK SUBDIVISION, A SUBDIVISION IN BARRY COUNTY, MISSOURI."